19-610-cr (L)
United States v. Jenkins

# In the
# United States Court of Appeals
## For the Second Circuit

---

August Term, 2021

Nos. 19-610-cr (L); 19-637-cr (Con), 19-2778-cr (Con)

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

ANDRE JENKINS, AKA LITTLE BEAR, DAVID PIRK, TIMOTHY ENIX, AKA
BLAZE,
*Defendants-Appellants.*[*]

---

On Appeal from a Judgment of the United States District Court for
the Western District of New York.

---

ARGUED: MAY 18, 2022
DECIDED: AUGUST 5, 2022

Before: KEARSE, JACOBS, and NARDINI, *Circuit Judges*.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Defendants-Appellants Andre Jenkins, David Pirk, and Timothy Enix were convicted in the United States District Court for the Western District of New York (Elizabeth A. Wolford, Chief Judge) of firearms, narcotics, and racketeering offenses following a jury trial at which Pirk and Enix testified in their own defense. In a concurrently filed summary order, we consider and reject nearly all of Defendants-Appellants' arguments except with respect to vacatur of Pirk's and Jenkins's convictions on Count 2 of the Superseding Indictment. In this opinion, we hold that, contrary to Pirk's and Enix's arguments, the district court did not err in instructing the jury on the principles to use in evaluating the testimony of interested witnesses, including Pirk and Enix. The district court's instruction did not assume the testifying defendants' guilt or otherwise undermine the presumption of innocence. Accordingly, we AFFIRM in part and VACATE in part the judgments of the district court and REMAND the case to the district court for further proceedings consistent with this opinion and the concurrently filed summary order.

---

KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee*.

MICHAEL S. DEAL, Legal Aid Bureau of Buffalo, Inc., Buffalo, NY, *for Defendant-Appellant Jenkins.*

WILLIAM T. EASTON (Cheryl M. Buth, Meyers Buth Law Group, Orchard Park, NY, *on the brief*), Easton Thompson

Kasperek Shiffrin LLP, Rochester, NY, *for Defendant-Appellant Pirk*.

JAMES W. GRABLE, JR. (Terrence M. Connors, Rebecca F. Izzo, *on the brief*), Connors LLP, Buffalo, NY, *for Defendant-Appellant Enix*.

---

WILLIAM J. NARDINI, *Circuit Judge*:

Defendants-Appellants Andre Jenkins, David Pirk, and Timothy Enix appeal from judgments of conviction entered after a jury trial on narcotics, firearms, and racketeering offenses. In this opinion, we address only Pirk's challenge, which Enix joins, to the district court's instruction on interested witnesses. Finding no error in that instruction, we AFFIRM the judgment of the district court in all respects but one. For reasons discussed in a concurrently filed summary order, we VACATE Pirk's and Jenkins's convictions on Count 2 of the Superseding Indictment and REMAND the case for further proceedings.

3

## I. Background

Pirk, Enix, and Jenkins belonged to a motorcycle gang known as the Kingsmen Motorcycle Club ("KMC"). Pirk was the National President of the KMC beginning in 2013. Enix was the Regional President of Florida and Tennessee and was appointed to the position of National Secretary and Treasurer by Pirk. Jenkins did not hold a leadership position but was a member of a Florida KMC chapter.

The government charged Pirk, Enix, and Jenkins with racketeering, narcotics, and firearms offenses arising out of their membership in the KMC. At trial, Pirk and Enix took the witness stand and testified on their own behalf. After the close of evidence, the district court instructed the jury, in part:

> If [a witness] is interested in the outcome of the trial on one side or the other, you may consider such interest in determining how much credit or weight you will give to his or her testimony. A witness is an interested witness when by reason of relationship, friendship, antagonism, or prejudice in favor of or against one side or the other, his or her testimony, in your judgment, is biased or likely to be biased toward the side which he or she favors. . . . In determining the credibility of a witness, you may

4

consider whether such witness has any bias or prejudice for or against any party in the case. In determining the credibility and weight to be given to the testimony of a witness, you should take into account such bias or prejudice. Evidence that a witness is biased or prejudiced for or against a party requires you to view the witness'[s] testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny. However, keep in mind that you should not reject the testimony of an interested witness merely because of such interest. Nor should you accept the testimony of a witness merely because of such disinterest. It is your duty in the case of all witnesses to accept such of the testimony as you believe to be truthful and reject only such testimony as you believe to be false. As I said, interest and disinterest are merely factors you may consider in evaluating credibility.

As I have mentioned, in a criminal case, a defendant cannot be required to testify. Our Constitution provides that he has the right to elect not to testify. However, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Pirk and Mr. Enix decided to testify. You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Joint App'x at 18408–09. The jury ultimately convicted Defendants-Appellants on each of the charges in the Superseding Indictment. This appeal followed.

## II. Discussion

On appeal, Pirk claims that the district court's interested-witness instruction undermined the presumption of innocence to which all criminal defendants are entitled at trial. *See Nelson v. Colorado*, 137 S. Ct. 1249, 1255–56 (2017) ("Axiomatic and elementary, the presumption of innocence lies at the foundation of our criminal law." (internal quotation marks and alteration omitted)). For the following reasons, we disagree.

### A. Standard of review

Although Defendants-Appellants submitted their own proposed jury instruction and lodged a general objection to the instructions "to the extent the Court's proposed charge is different from those that [Defendants-Appellants] submitted," Joint App'x at 17951, Pirk did not specifically object to the district court's proposed

6

interested witness instruction. Pirk therefore concedes that he did not preserve the issue for appellate review, because "[a] mere 'request for an instruction before the jury retires' does not 'preserve an objection to the instruction actually given by the court.'" *United States v. Solano*, 966 F.3d 184, 193 (2d Cir. 2020) (quoting *Jones v. United States*, 527 U.S. 373, 388 (1999)); *see also* Fed. R. Crim. P. 30(d) ("A party who objects to any portion of the instructions . . . must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate."). Accordingly, we review for plain error. Fed. R. Crim. P. 52(b); *Solano*, 966 F.3d at 193. On plain error review, the burden rests on the appellant to establish that there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."

*Solano*, 966 F.3d at 193 (internal quotation marks and alterations omitted).

## B. Interested-witness jury instructions in criminal cases

If the district court decides to instruct a jury on how to evaluate the testimony of a defendant who chooses to testify, the district court must be careful not to undermine two "bedrock constitutional principles": first, "that a defendant has the right to, but is not required to, testify in his own defense at trial," and second, "that the defendant is presumed innocent until proven guilty." *Solano*, 966 F.3d at 194. For this reason, a district court errs when it instructs the jury that the defendant has a motive to testify falsely, whether it does so explicitly or implicitly. In *United States v. Gaines*, we found error in instructions that explicitly identified the defendant's "deep personal interest in the result of his prosecution" as "creat[ing] a motive for false testimony." 457 F.3d 238, 242 (2d Cir. 2006). We held that this instruction undermined the presumption of innocence and said that its "critical defect" was "its assumption that the defendant is guilty." *Id.* at 247.

8

Indeed, such an instruction would be inaccurate in the case of an innocent testifying defendant, who would have a motive to testify truthfully to exonerate himself. *See id.* at 246.

We reached a similar conclusion in *United States v. Brutus* with respect to a jury charge that highlighted the defendant as having "a deep personal interest in the outcome of her prosecution," an "interest which is possessed by no other witness," and that "creates a motive to testify falsely." 505 F.3d 80, 85 (2d Cir. 2007). Relying on *Gaines*, we held that this instruction "impermissibly undermines the presumption of innocence because it presupposes the defendant's guilt." *Id.* at 87. We also extended the principle embodied by *Gaines* by adding that the error in a guilt-assuming jury instruction cannot be cured or balanced by additional, more favorable language. *Id.* Likewise, in *United States v. Mehta*, we found plain error in a charge that told the jury that they could "consider the fact that a defendant's interest in the outcome of the case creates a motive for false testimony,

but it by no means follows that a defendant is not capable of telling the truth." 919 F.3d 175, 180 (2d Cir. 2019). Reviewing *Gaines* and *Brutus*, we noted that "[w]e have repeatedly held, in no uncertain terms, that this charge is forbidden," because "it presupposes the defendant's guilt." *Id.* at 182 (internal quotation marks omitted).

Finally, in *United States v. Solano*, we surveyed these and other decisions and applied their reasoning to identify plain error in a jury charge "which included the instruction (a) that a witness's interest 'in the outcome of the case . . . . creates a motive on the part of the witness to testify falsely[,]' and (b) that this applies to 'any witness[.]'" 966 F.3d at 197 (internal citation omitted). Such an instruction, we held, "suffers the same substantive constitutional defect identified and prohibited by *Gaines* and *Brutus* and their progeny." *Id.* Even though the district court's instruction did not explicitly single out the defendant as an interested witness (after identifying interested witnesses as possessing a motive to testify falsely), it did so implicitly

10

because "[i]t is a matter of common sense that the defendant in a criminal case has a profound interest in its outcome, [so] an instruction indicating to the jury that that interest gives him a motive to testify falsely is contrary to the presumption of innocence." *Id.* (internal citations omitted). Taken together, these cases reflect that a trial court may not, explicitly or implicitly, instruct the jury that a defendant has a motive to testify falsely because such guilt-assuming language runs counter to the presumption of innocence.

## C. Application

Contrary to Pirk's arguments, the district court's jury charge did not run afoul of these principles. At no point did the court assume the defendants' guilt by suggesting, directly or indirectly, that the defendants had a motive to testify falsely. The instructions here were guilt-neutral, not guilt-assuming. The district court even-handedly instructed the jury to consider the defendants' "testimony just as you would the testimony of any witness with an interest in the outcome of this case" after generally defining interested witnesses as those

11

whose testimony, "by reason of relationship, friendship, antagonism, or prejudice in favor of or against one side or the other, . . . in your judgment, is biased or likely to be biased toward the side which he or she favors." Joint App'x at 18408–09. The court did not equate "biased or likely to be biased" with a motive to testify falsely. Quite to the contrary, the court explained that a witness's interest or lack thereof should not cause the jury to automatically reject or accept a witness's testimony. Although we do not mandate that district courts provide an interested witness instruction or use any particular verbal formulas when they do so, we commend the charge given in the present case as a carefully balanced instruction on witness bias that did not undermine the presumption of innocence.

Accordingly, we find that the district court did not commit error (much less plain error) in instructing the jury on the principles to use in evaluating Pirk's and Enix's testimony.

12

## III. Conclusion

In sum, we hold that the district court's interested-witness instructions did not assume the defendants' guilt or otherwise undermine the presumption of innocence and were thus not erroneous. We therefore AFFIRM in part, and, for the reasons stated in the concurrently filed summary order, VACATE in part the judgments of the district court, and REMAND the matter for further proceedings consistent with this opinion and the concurrently filed summary order.